## GOGGANS *vs.* MONROE.

1. On the trial of an action for malicious prosecution, (Arson being the criminal charge,) it was not error in the Court to permit the defendant to prove that the plaintiff had threatened to destroy the house, for the burning of which plaintiff had been prosecuted, without first proving that defendant had been informed of such before he commenced the prosecution.

2. Defendant's counsel on the trial, having argued to the Jury that plaintiff's character was bad, it was error in the Court to refuse to charge, on request, that the Law presumes the character of a party to be good until the contrary is proven.

3. In an action on the case for malicious prosecution, where there is evidence of express malice—an *alibi* proven by the plaintiff—evidence that the prosecutor had been informed, before he commenced the criminal prosecution, that proof of the *alibi* existed—an actual arrest of plaintiff and restraint of his personal liberty—a bill preferred charging him with a felony, and a return of "no bill and malicious prosecution"—a verdict for defendant is contrary to Law and evidence, and it is error in the Court to refuse a new trial.

Case, in Haralson Superior Court. Tried before Judge HAMMOND, at the April Term, 1860.

This was an action, brought by Andrew J. Goggans against Duncan Monroe, to recover damages, which the plaintiff alleged he had sustained, by reason of a malicious prosecution

**PRESUMPTION OF GOOD CHARACTER—CHARGE OF COURT.**
"There are many authorities which hold that **the law presumes that a defendant has a good character.** This was held in the case of Stephens *v.* The State, 20 Texas App. 269; and in the case of Cluck *v.* The State, supra, the Supreme Court of Indiana held that the law presumes that every man has a good character, and that it would have been competent for counsel to have commented on such presumption. This rule is also laid down in Sackett on Instructions to Juries, p. 601." Bennett *v.* State, 86 Ga. 404.

for the offence of arson, instituted against him by the defendant.

The testimony adduced on the trial of the case in the Court below developed the following facts, to wit:

The plaintiff was arrested, under a warrant issued by a Justice of the Peace, at the instance and upon the affidavit of the defendant, and was recognized to appear at Paulding Superior Court, to answer for the offence of arson.

At the January Term, 1849, of Paulding Superior Court, a bill of indictment for the offence of arson was preferred before the grand jury, at the instance of the defendant, as prosecutor, against the plaintiff, which indictment was returned by the grand jury "No bill and a malicious prosecution."

The presiding Judge of said Paulding Superior Court then passed an order, discharging and acquitting the plaintiff of and from said offence of arson and giving him copy bill.

Jeremiah Thompson was a Justice of the Peace, and was called upon to sit on the committing Court, when the plaintiff was arrested for the offence of burning a schoolhouse, then in Paulding county, but defendant objected to Thompson sitting upon the case, saying at the time, that he, the defendant, intended to convict the plaintiff of burning the school-house, right or wrong; the defendant, also, on the day of the trial before the Justices, objected to giving the plaintiff any more time to procure witnesses in his behalf.

On the night that the school-house was burnt, the plaintiff was at home, and up until between midnight and day, and then went to bed and was in bed next morning.

This fact was sworn to, by three or four witnesses who stayed all night at his house, and the defendant was told of this fact before he preferred the bill of indictment.

The defendant proved that plaintiff was a subscriber to a school in Paulding county, and the persons interested in the school met for the purpose of electing trustees; the name of the plaintiff, who had assisted in building the school-house, was stricken from the school articles, and the other persons would not let him vote for trustees, and said: that, on account of some difficulties between the plaintiff's children and others, the year before, he, the plaintiff, should not send to the school; whereupon the plaintiff said: that one-ninth part of the school-house belonged to him, and if he was not

suffered to send to school, he would destroy it; and the house was destroyed.

Plaintiff's counsel objected to this testimony, unless the defendant's counsel would undertake to show, that a knowledge of these threats, to destroy the school-house, was brought home to defendant before he prosecuted plaintiff, but the Court overruled the objection, and plaintiff excepted.

Defendant also introduced the answers of George Goggan to interrogatories taken out in the case, to prove that, on the day after the school-house was burnt, plaintiff said he was glad of it, and pulled from his pocket a box of matches, and said that he had obtained them for the purpose; but the witness, in the same answer, proves that the plaintiff was at home on that night, and in answer to two other sets of interrogatories, one before, and the other after, he testified about the box of matches, he swore that he did not testify about the matches, and that defendant had offered him a gun worth twenty-five dollars, to swear in his favor in the case, and that he was with the plaintiff, on the night the school-house was burnt, until three o'clock in the morning.

In the argument before the jury, the defendant's counsel insisted that the plaintiff's character was bad, whereupon counsel for the plaintiff requested the Court to charge the jury that his character was presumed to be good in the absence of testimony to the contrary.

The jury returned a verdict in favor of the defendant.

Counsel for the plaintiff moved for a new trial of said case, on the following grounds, to wit:

1. Because the Court erred in admitting in evidence the threat of the plaintiff, to burn the school-house, to show probable cause for the prosecution, there being no evidence that the defendant knew of that threat.

2. Because the Court erred in not charging, as requested by plaintiff's counsel, that the law presumed the plaintiff to be of good character until the contrary was shown by proof.

3. Because the jury found contrary to the evidence.

4. Because the jury found contrary to law and the weight of evidence.

The presiding Judge refused the new trial, and the writ of error in this case brings that decision up for review, and asks a reversal of the same.

W. W. & H. F. MERRELL, by GLENN, for the plaintiff in error.

No appearance for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

Was the Court below right in refusing the plaintiff a new trial?

1. We find no error in the admission by the Court of evidence of a threat made by plaintiff, to destroy the school-house, which, after the threat, was really burned, even though knowledge of that threat was not brought home to defendant before he commenced the prosecution. It was an important fact in the case, which might have come to defendant's knowledge before he commenced the prosecution, though not so proven. It was a fact, tending to show probable cause, though its effect was certainly weakened, in that view, by defendant's failure to prove at what time he acquired knowledge of the fact. It was, moreover, a circumstance deserving consideration of the jury, in determining the important question, whether plaintiff did burn the school-house, and was, we think, properly submitted to them.

2. Defendant's counsel having argued that plaintiff's character was bad, and this argument being likely to prejudice his case before the jury, he was entitled to the legal presumption that, in the absence of evidence proving the contrary, his character was good; and it was error in the Court to refuse to charge, on request, that the law did so presume.

3. On the trial, the plaintiff proved an *alibi,* by three or four unimpeached witnesses, and further, that defendant was informed of the existence of such proof before he commenced the prosecution. Defendant declared his intention to commit plaintiff, right or wrong—caused him to be arrested, thereby restraining his personal liberty—on the preliminary examination, objected to plaintiff having time to procure additional evidence, and, finally, caused a bill, charging plaintiff with arson, to be preferred before the grand jury. That body, under an *ex parte* investigation, returned, "No bill, and a malicious prosecution." We are decidedly of opinion, in view of all the evidence, that there was an absence of probable cause, malice on the part of the prosecutor, and

damage to the plaintiff in error.  If so, then the verdict was contrary to law and evidence, and the Court erred in not granting a new trial.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, and a new trial ordered, on the ground that the verdict of the jury is contrary to law and strongly and decidedly against the weight of evidence.