JAMES C. McBURNEY, plaintiff in error, *vs.* PATRICK WHEE-
LAN *et al.*, defendants in error. .

The lessor and lessee of a hotel were at issue, the lessor insisting that the lessee had procured the house by false representations and was damaging the reputation of the house by bad management, by keeping a bad hotel, and permitting disorder, etc., and the lessee denying this and insisting that the lessor had damaged him in various ways, and especially by suing out processes against him, levying on his furniture, etc., etc., without just cause. The counsel of the lessor asked the court to charge the jury, " that if they believed from the evidence that the only damage, if any, the lessor had done the lessee or his business, was in the assertion of his legal rights by using the ordinary process of the courts, and that he resorted to them in good faith and for the *purpose* only of protecting and securing his legal rights, such damage, if any, ought not to be allowed against the lessor," which charge the court refused to give :
*Held*, that this was error.

Damages. Lease. Landlord and tenant. Before Judge
HILL. Bibb Superior Court. April Term, 1874.

This case is sufficiently reported in the above head-note.

LANIER & ANDERSON, HILL & HARRIS; WHITTLE &
GUSTIN, for plaintiff in error.

J. & J. C. RUTHERFORD, for defendants.

McCAY, Judge.

We think the charge as asked ought to have been given. If the party had only the purpose indicated, that was sufficient. If he intended oppression by a misuse of the process *any way*, the jury were authorized, under this charge, to find against him, and we think the judge was too exacting in refusing the charge, because it did not also put the hypothesis of using the process in a legal way. Besides, it was competent for the court to have explained to the jury that an illegal use of the process would be just as illegal as an illegal suing out. As the case stood, we feel that the charge refused ought to have been given, and that the refusal was an injury to the plaintiff in error. We reverse the judgment the more

readily because our opinion is, that under the evidence the jury have given heavy damages, and such as the evidence must be strained to sustain.

Judgment reversed.