## 8104. BROOKSHIER v. WILLIAMS.

GEORGE, J. 1. "An arrest under process of law, without probable cause, when done maliciously, gives a right of action to the party arrested." Civil Code (1910), § 4450. "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the party prosecuted, gives him a cause of action." Civil Code (1910), § 4439.

2. An inquiry before a committing court, or a justice of the peace, amounts to a prosecution. Civil Code (1910), § 4445. Any unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty, constitutes false imprisonment. Civil Code (1910), § 4447.

3. "Want of probable cause" is the same in actions for malicious arrest as in actions for malicious prosecution. Civil Code (1910), § 4452. Want of probable cause is a question for the jury, under the direction of the court. Civil Code (1910), § 4440.

4. The evidence in the present record was sufficient to carry the case to the jury on the counts for illegal arrest, false imprisonment, and malicious prosecution. The defensive facts developed on cross-examination of the plaintiff were not sufficient to authorize the trial court to find, as a matter of law, that probable cause existed for the arrest, imprisonment, and prosecution of the plaintiff. The court therefore erred in granting a nonsuit.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 5, 1917.

Action for damages; from Whitfield superior court—Judge Fite. April 5, 1916.

Brookshier sued Williams in separate counts for malicious prosecution, false arrest, false imprisonment, and malicious abuse of process. The action was based on a prosecution begun by the swearing out of a warrant by Williams, charging Brookshier with the offense of larceny after trust of 12 gallons of sorghum. From the evidence it appears that Brookshier was a tenant cultivating land of Williams for a share of the crops. A dispute arose between them over certain cotton, for which the tenant sued out a possessory warrant against the landlord, and the latter, on the day set for the trial of the case in a justice's court of Whitfield county, went before the justice and swore out warrants against Brookshier, charging him with the offense stated above, and he was arrested and gave bond for his appearance to answer the charge at the next term of the court. The possessory-warrant case was continued, and at the next term of the court the justice insisted that he had no jurisdiction of the cases against Brookshier, as it appeared that

the transaction in question took place in a different county. According to the testimony of Brookshier's attorney, he insisted on a trial unless Williams, who was present, would dismiss the warrants for larceny after trust, but Williams refused to do so, the cases were called, Brookshier pleaded not guilty, Williams made a statement showing that the transaction took place in Catoosa county, and the justice entered an order dismissing the warrants, for want of jurisdiction.

On the trial of this suit Brookshier testified: "At the time I was charged with larceny after trust of 12 gallons of sorghum I was a tenant on the place of Mr. Williams. . . I raised a crop of sorghum and had it made into syrup, and Mr. Williams had nothing there to put his in, and the man that manufactured it put it in my barrel and I used it. I used all that was made, and there was 6 gallons going to Mr. Williams and I used that. There was 41 gallons made in all, and 6 gallons of that was going to Mr. Williams. As to settling with Mr. Williams, I told him that some of his hands had hauled off six shocks of cut corn belonging to me that averaged six bushels to the shock, and that ought to cover the amount of sorghum going to him, and he said 'You ought to have said something about that;' and that was all he ever said to me. This was six months or may be longer, before I was arrested on this charge. On the day I was arrested I was in Cohutta at the trial of a possessory-warrant case about some cotton in which I was plaintiff and Williams defendant. I was over there alone and did not have an attorney with me to represent me, and none were available to represent me on that day. The case was called for trial at the instance of my attorney on that date. Mr. Williams did not make any statement at the trial, only that he wanted to withdraw the case, and that the transaction happened in Catoosa county and not in Whitfield." On cross-examination the witness testified: "I swear that I raised a crop of sorghum on the Williams place and it was put into my barrel and I used it. There wasn't any contract between me and Williams about what part of the syrup he was to have. He was to have a part of the sorghum and he did not get any. Williams was to have a part of the cotton, corn, and crop of any kind. I did not pay any money rent, but was to pay one third of the corn, one fourth of the cotton, and half of the hay. I expected Mr. Williams to get some part of the

sorghum—whatever was customary. The man that manufactured the syrup said there would be 6 gallons going to Mr. Williams. The syrup was put in my barrel and I used what was in there except a part that leaked out. I never gave Mr. Williams any sorghum."

*J. R. Johnston,* for plaintiff, cited: Penal Code (1910), § 189; Civil Code (1910), §§ 4451, 4444, 4439, 4450, 4448, 4504; *Hartshorn* v. *Smith,* 104 *Ga.* 239; *Hicks* v. *Brantley,* 102 *Ga.* 264; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660; *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73; *Swift* v. *Witchard,* 103 *Ga.* 197; *Berger* v. *Saul,* 113 *Ga.* 871; *Porter* v. *Johnson,* 96 *Ga.* 146; *King* v. *Yarbray,* 136 *Ga.* 213; *Goggans* v. *Monroe,* 31 *Ga.* 331.

*W. C. Martin, W. E. Mann,* for defendant, cited: Civil Code (1910), §§ 4439, 4450, 4448, 5942; *Joiner* v. *Ocean Steamship Co.,* 86 *Ga.* 238; *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294, 296; *McBurney* v. *Wheelan,* 54 *Ga.* 473; *Page* v. *Citizens Bkg. Co.,* supra; *King* v. *Yarbray,* supra.