## 17631. WALKER *v.* SHEDDEN *et al.*

1. When "a person in good faith truthfully communicates to the solicitor-general all facts known to the former in relation to a criminal charge against another, and is advised that the facts as stated constitute an indictable offense, and such person becomes the prosecutor on an indictment prepared and submitted to the grand jury by such officer, he can not be held liable in damages for a malicious prosecution at the suit of the accused, even though on the trial under the indictment it appears that the facts as stated do not constitute a crime and that the defendant was not in fact guilty of any offense." *Hicks* v. *Brantley*, 102 *Ga.* 264 (29 S. E. 459); *Woodruff* v. *Doss*, 20 *Ga. App.* 639 (93 S. E. 916).

2. Where, however, on a trial for malicious prosecution the issue is not whether the undisputed facts communicated by the prosecutor to the solicitor-general constitute a crime, but where the sole contested issue relates to whether or not the communications as made to the solicitor-general, on the faith of which his advice was given, were made by the prosecutor in good faith, as the true and correct facts of the transaction, it is error to direct a verdict for the defendant on the theory that the advice of the solicitor-general is conclusive on the question of good faith. Since it appears from the evidence of the defendants in the instant suit for malicious prosecution that the advice of the solicitor-general was given them in response to what they now testify was a full, fair, and

---

Malicious Prosecution, 38 C. J. p. 428, n. 40; p. 429, n. 42; p. 431, n. 69; p. 432, n. 88; p. 433, n. 5; p. 435, n. 21; p. 505, n. 32; p. 507, n. 40; p. 508, n. 51.

correct statement of the facts as made by them to the solicitor-general, and since it appears that such version of the facts as now sworn to by the defendants in the instant suit is disputed by the testimony of the plaintiff, and that the version of the facts as thus sworn to by the plaintiff is such as it would not have been altogether impossible for the jury to accept, it follows that the case should have been submitted to the jury, in order for them to determine whether the advice of the solicitor-general was procured fairly and in good faith, and if not, then whether the prosecution was in fact instituted maliciously and without probable cause.

DECIDED DECEMBER 20, 1926.

Action for malicious prosecution; from city court of Newnan—Judge Stallings. July 28, 1926.

*S. H. Dyer,* for plaintiff.

*Anderson, Rountree & Crenshaw, Hall & Jones,* for defendants.

JENKINS, P. J.  Walker sued Shedden and North for damages for an alleged malicious prosecution, alleging that Shedden swore out a warrant against him, charging him with larceny after trust, and that North conspired with Shedden in the prosecution, and "that he advised and consulted and helped with said ¬rosecution maliciously to convict your petitioner." The petition charges, that the prosecutioi ;;as without probable cause, and that the petitioner was innocent of the charge brought against him; that after the issuance of the warrant he was arrested and incarcerated for two or three hours; that he was subsequently indicted for the offense charged in the warrant and tried by the superior court, and a verdict of not guilty returned in his favor by a jury. He alleged that the prosecution was malicious and was instituted for the purpose of injuring and damaging the plaintiff's reputation in his community. The defendants answered, denying in substance the allegations of the petition and setting up that the prosecution was justified and was had under the advice of competent attorneys and of the solicitor-general of the Coweta circuit, who, after a full, fair, and complete statement of the facts, advised defendants that the facts related amounted to a violation of the criminal law, and that in carrying on such prosecution they acted in entire good faith, and that on the trial the plaintiff's guilt was established by overwhelming evidence.

At the trial of the instant case the defendants assumed the burden of proof and introduced evidence showing that the plaintiff Walker was indebted to the defendant Shedden's wife, whose ten-

ant he was, for certain supplies; that North, acting as agent for Mrs. Shedden, had received from the plaintiff certain cotton warehouse receipts as collateral to the indebtedness; that North delivered the receipts to the plaintiff in order that he might sell the cotton and apply the proceeds to the indebtedness; that Walker sold the cotton and then informed North that he did not have enough money to pay his indebtedness to Mrs. Shedden in full, and offered to pay the balance in farm products, and that upon North's refusal to accept the farm products in payment, Walker refused to turn over the proceeds of the cotton to North. Both North and Shedden testified that before taking out the warrant they conferred with attorneys, who advised them that the facts stated amounted to a violation of the law by Walker, and that after the issuance of the warrant, but before it was served by the sheriff, and before it was delivered to the sheriff for execution, they consulted the solicitor-general, giving him a full, fair, and complete statement of the facts, and that he advised that a prosecution for larceny after trust would lie. The testimony of the plaintiff Walker as to the transaction with North was substantially the same as that offered by the defendants, except that Walker testified that the cotton warehouse receipts were not deposited with North as collateral, but were simply placed with him for safe-keeping in the bank of which he was president; he further testified that both North and Shedden were "mad" with him.

At the conclusion of the evidence the court, on motion, directed a verdict for the defendants, and the plaintiff excepted.

*Judgment reversed. Stephens and Bell, JJ., concur.*