### 17977.   WILKERSON *v.* MILAM.

It is no defense to an action for malicious prosecution that the prosecutor acted under the advice of the prosecuting attorney, unless he in good faith truthfully communicated to the attorney all facts known to him in relation to the charge against the accused. The jury in this case were authorized to find that the prosecutor did not do this; and the evidence authorized the verdict for damages.

. Decided October 14, 1927.

Malicious prosecution; from Floyd superior court—Graham Wright, judge pro hac vice. December 30, 1926.

*J. L. Wallace,* for plaintiff in error. *Porter & Mebane,* contra.

Jenkins, P. J. When a person "in good faith truthfully communicates to the solicitor-general" all facts known to him in relation to a criminal charge against another, and, acting on the advice of such prosecuting attorney that the facts stated constitute a violation of the law, institutes a criminal prosecution against the accused, he can not be held liable in damages for a malicious prosecution of the latter, even though it may appear on the trial that the facts stated do not constitute a crime. *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459); *Woodruff* v. *Doss,* 20 *Ga. App.* 639 (93 S. E. 316); *Walker* v. *Shedden,* 36 *Ga. App.* 259 (136 S. E. 101). In such a case, however, it may be a question of fact, for determination by the jury, whether the communication made by the prosecutor to the prosecuting attorney in fact constituted a true statement of all the facts known to the prosecutor. *Walker* v. *Shedden,* supra. In the instant case there was evidence from which the jury were authorized to find that the facts communicated to the prosecuting attorney by the defendant did not constitute a

true statement of all the facts known to him with reference to the plaintiff's alleged violation of the law, it appearing that the defendant informed the prosecuting attorney that the timber alleged to have been cut from his premises by the plaintiff was not cut from the portion of such premises over which there was a dispute as to possession, and that, according to the testimony of one witness, the defendant testified on the trial of the criminal case that the timber complained about was cut from the disputed portion of the premises.

The evidence having authorized the verdict, and no error of law being complained of, the judgment of the trial judge, overruling the defendant's motion for a new trial, can not be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*