## 22845. HEARN *v.* BATCHELOR.

DECIDED JULY 14, 1933.

*R. C. Jenkins,* for plaintiff in error.
*E. J. Summerour, M. F. Adams,* contra.

GUERRY, J. 1. To authorize a recovery of damages in a civil

proceeding for malicious prosecution, the plaintiff must show affirmatively that the prosecution was malicious and without probable cause, both concurring. Malice may be inferred from a total want of probable cause, but the lack of probable cause can not be inferred from the existence of the most express malice. *Stucky* v. *Savannah, Florida & Western Ry. Co.,* 102 *Ga.* 782 (29 S. E. 920); *Coleman* v. *Allen,* 79 *Ga.* 637 (5 S. E. 204, 11 Am. St. R. 449); *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459); *Cook* v. *Walker,* 30 *Ga.* 519; *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144); *Marable* v. *Mayer,* 78 *Ga.* 710 (3 S. E. 429); *Ventress* v. *Rosser,* 73 *Ga.* 534; *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123); *Joiner* v. *Ocean Steamship Co.,* 86 *Ga.* 238 (12 S. E. 361); *Sirmans* v. *Peterson,* 42 *Ga. App.* 707 (157 S. E. 341).

2. In an action for damages for malicious prosecution the prosecutor may show that he really acted in good faith in instituting and carrying on the prosecution, and that he believed, although mistakenly, that the accused was really guilty. Good faith may be shown by the circumstances of the transaction, and want of probable cause exists when the circumstances are such as to satisfy a reasonable man that the prosecutor had no ground for proceeding but his desire to injure the accused. See, in this connection, *Coleman* v. *Allen,* supra; *Hicks* v. *Brantley,* supra; *Cook* v. *Walker,* supra; *Hartshorn* v. *Smith,* 104 *Ga.* 235 (30 S. E. 666).

3. Want of probable cause is a question for the jury, under the direction of the court. The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court. *Coleman* v. *Allen,* supra; *Porter* v. *Johnson,* supra; *Woodruff* v. *Doss,* 20 *Ga. App.* 639 (93 S. E. 316); *Anderson* v. *Keller,* 67 *Ga.* 58; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (75 S. E. 991); *Brookshier* v. *Williams,* 19 *Ga. App.* 685 (91 S. E. 1056); *Thornton* v. *Story,* 24 *Ga. App.* 503 (101 S. E. 309); *Benford* v. *Bledsoe,* 26 *Ga. App.* 361 (106 S. E. 202); *Sirmans* v. *Peterson,* supra.

4. It is not a sufficient proof of the lack of probable cause that the grand jury returned a "no bill," but it is a circumstance which the jury may consider in determining whether or not there was

probable cause. *Cook* v. *Walker,* supra; *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (122 S. E. 252). A return of a "no bill" by the grand jury is sufficient to show the termination of the prosecution. *Woodruff* v. *Woodruff,* 22 *Ga.* 237; *Horn* v. *Sims,* 92 *Ga.* 421 (17 S. E. 670) ; *Pye* v. *Gillis,* 9 *Ga. App.* 397 (71 S. E. 594).

5. Actions for malicious arrest and malicious prosecution are not favored by the courts. The action is strictly guarded, and the circumstances under which it may be maintained are accurately stated. *Hartshorn* v. *Smith,* supra; *Hicks* v. *Brantley,* supra.

6. Advice of a solicitor-general is a defense to an action for malicious prosecution only when the advice is given before the warrant is sworn out; as the state of mind of the defendant at the time the warrant is taken out is the test of whether or not he in good faith, as a reasonable man, thought the accused was guilty. See, in this connection, *Walker* v. *Sheddon,* 36 *Ga. App.* 259 (136 S. E. 101) ; *Hicks* v. *Brantley,* supra. The advice of the solicitor-general is no defense to a suit for malicious prosecution unless the advice is given after a full, fair, and complete statement by the prosecutor of all the facts known to him. *Wilkerson* v. *Milam,* 37 *Ga. App.* 288 (139 S. E. 831) ; *Kendall* v. *Goodson,* 22 *Ga. App.* 491 (96 S. E. 343) ; *Walker* v. *Sheddon,* supra.

7. The court did not err in refusing the requests to charge set out in the 1st and 2d special grounds of the motion for a new trial. The requests state correct principles of law, but relate to supposititious cases not applicable to the facts of the case.

8. The requests to charge set out in the 3d, 4th, 6th, 7th, 8th, 9th, and 10th special grounds of the motion for a new trial, in so far as they were applicable, were covered by the charge of the court.

9. The request to charge set out in the 5th special ground of the motion for a new trial does not contain a correct statement of the law. The fact that the defendant acted on advice of counsel is only a circumstance to be considered by the jury in determining whether or not there was probable cause, and is not conclusive thereof. *Hartshorn* v. *Smith,* supra, *Anderson* v. *Keller,* supra.

10. The warrant, the issuance of which was the basis of this action for malicious prosecution, charged the defendant with unlawfully setting fire to woods. The defendant in this case, who was the prosecutor in the warrant, contended that he gained his knowledge of the connection of the plaintiff with the alleged burning

from other witnesses. The evidence is in sharp conflict on this point. There was other evidence in the case tending to show the want of probable cause and the existence of malice, and the jury so found. The trial judge fully and fairly presented the issues and the law, and has approved the verdict; and this court is without authority to interfere.

11. Under the law stated above, the petition set out a cause of action for malicious prosecution, and the trial judge did not err in overruling the demurrer to the first count thereof.

12. The court did not err in refusing to allow the amendment offered by the defendant, as it presented no valid defense. It was further objectionable in that it was highly argumentative, set out evidence, and included therein a request to charge. Let the judgment be *Affirmed. Broyles, C. J., and MacIntyre, J., concur.*