### 27361.  STOKES *v.* THE STATE.

DECIDED APRIL 5, 1939.

*Hamilton Burch, Clint W. Hager,* for plaintiff in error.
*George R. Lilly, solicitor-general, E. J. Clower,* contra.

GUERRY, J.   The defendant was convicted of perjury.   The indictment charged that he did wilfully, knowingly, absolutely, and falsely swear out a warrant before a justice of the peace, and did swear that to the best of his knowledge and belief B. T. Bentley

did commit the offense of misdemeanor, yet knowing at the time that B. T. Bentley did not in fact and in truth commit the offense of misdemeanor.

It appeared from the evidence that B. T. Bentley sent a check for $1.50 to West Cranford; that some days later Cranford reported to Bentley that he had not received the check sent him, whereupon Bentley delivered to Cranford another check marked "duplicate," and then stopped payment on the first check. Cranford had possession of the first check, and went to the defendant's place of business and got him to cash it for him. The check was returned from the bank marked "payment stopped." Defendant knew nothing about this transaction between Bentley and Cranford until after the warrant was issued. Defendant stated that he had tried to see Bentley but could not do so. The defendant and Bentley were not acquainted. Defendant, in his statement to the jury, said that he then went to the solicitor of the city court of Valdosta and consulted him in his official capacity, showed him the check and told him what he knew, and was advised by the solicitor that he had a legal right to take out a warrant for Bentley. Defendant then acted on the advice given him in swearing out the warrant. Accusation was preferred against Bentley, but he was later discharged, with Cranford agreeing to pay the costs of the court. This prosecution then began, at the instance of Bentley, on a charge of perjury against the defendant.

There was no demurrer to the indictment which alleged that the defendant swore that Bentley had committed a misdemeanor. His own statement shows that what he was referring to was the check. The gist of the offense of perjury is not only that what was sworn to was false, but that the swearer knew, at the time he made the oath, that it was false and that the oath "that to the best of his knowledge and belief" was itself false. "Reasonable ground for believing the statement to be true may furnish an adequate defense." 48 C. J. 830. On page 831 we find: "If one accused of perjury or false swearing fully and in good faith lays the facts before counsel, and upon them is advised, as a matter of law, that a certain statement may be made, which will be the truth, and, acting on this advice, the client swears to the statement, believing that he has been correctly advised, it can not be said that the oath is wilfully and corruptly false, and hence a charge of perjury can not

be predicated upon it." In 21 R. C. L. 15, it is said: "It is also held that the advice of counsel is a good defense where the witness laid all the facts before his counsel and acted in good faith in getting his advice and the advice was not sought as a mere cover to secure immunity." In *Hearn* v. *Batchelor,* 47 *Ga. App.* 213, 215 (170 S. E. 203), this court, in discussing a malicious prosecution case which is closely related to the principles governing the criminal case at bar, used this language: "Advice of a solicitor-general is a defense to an action for malicious prosecution only when the advice is given before the warrant is sworn out; as the state of mind of the defendant at the time the warrant is taken out is the test of whether or not, he in good faith, as a reasonable man, thought the accused was guilty." Citing *Walker* v. *Shedden,* 36 *Ga. App.* 259 (136 S. E. 101); *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459). The advice of the solicitor-general is no defense to a suit for malicious prosecution unless the advice is given after a full, fair, and complete statement by the prosecutor of all the facts known to him. *Wilkerson* v. *Milam,* 37 *Ga. App.* 288 (139 S. E. 831); *Kendall* v. *Goodson,* 22 *Ga. App.* 491 (96 S. E. 343).

It appears from the uncontradicted evidence in this case that the defendant had no knowledge of the duplicate check given by Bentley until after the warrant had been sworn out. In *Thomas* v. *State,* 71 *Ga.* 252, it is said "Although a witness may have testified to a fact which was not true, yet if he believed it to be true at the time, he is not guilty of perjury. The intent to testify falsely and the falsity of the testimony given must both appear." "An honest oath, though untrue, is not perjury." *Herring* v. *State,* 119 *Ga.* 709, 714 (46 S. E. 876).

Error is assigned because the court charged the jury, "That in any jury case where one is charged with crime, he can not justify the commission of the crime by setting up that he acted under the advice of counsel." Defendant insists that while such charge is a general statement of the law, the crime of perjury is an exception under facts as shown by this record. In Barnett *v.* State, 89 Ala. 165 (7 So. 414), it is said: "The general rule unquestionably is that the advice of counsel can afford no protection against the punitive consequences of criminal acts. One of the exceptions to the general doctrine is found in those cases of alleged perjury, in which the truth or falsity of the matter charged as being wilfully and cor-

ruptly false is a mixed question of law and fact. Instances of this kind usually occur with respect to affidavits the truth of which depends upon some question of law." We think it is peculiarly a question of law as to what facts constitute a violation of what is commonly known as the bad-check law of Georgia. There is no material conflict in the evidence in this case, and the only issue to be determined by the jury was whether the defendant wilfully and knowingly swore falsely. It may be conceded that the affidavit was baseless because Bentley was found not guilty of the crime charged. There is no suggestion that the full facts were not disclosed to the prosecuting officer, nor is it disputed that the advice was given to the defendant, as contended by him. Such being the case, he was not guilty of wilfully and knowingly making a false oath. When the question sworn to is a mixed question of law and fact, advice of counsel is sought, the facts fully presented, and the defendant acts in accordance with the advice given, he is not guilty of wilful and knowing false swearing. It is sometimes a confusing question as to whether a given state of facts applies to the so-called bad-check law. A layman does not commit perjury when he acts in such a case only after fully stating the facts to the prosecuting officer and is advised by him. In such a case intent knowingly to testify falsely, which is an essential element of the crime of perjury, is lacking. The court erred in overruling the motion for new trial.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*