FAIRCLOTH *vs.* THE STATE OF GEORGIA.

1. The evidence was conflicting as to whether the article sold under the name of "Schiedam Schnapps" was not composed, in whole or in part, of spirituous or intoxicating liquor, and whether it was a medicinal preparation, or was thus sold as a mere device to conceal its real character and avoid the requirement of license. The evidence supported the verdict.

2. Although a wife was the real owner of a store, yet, if her husband controlled and managed it, and spirituous liquors were sold therein without a license, he would be guilty of that offense; nor would it be material that the liquor was sold by a clerk in the store, if the husband were present at the time, controlling and managing it.

(*a.*) There are no accessories in misdemeanors, but all who participate in the commission of the act or aid therein are principals.

December 2, 1884.

Criminal Law.   License.   Liquor.   Husband and Wife. Accessory.   Before Judge ADAMS.   Emanuel Superior Court.   April Term, 1884.

· Reported in the decision.

JAMES K. HINES; H. D. D. TWIGGS, for plaintiff in error.

R. L. GAMBLE, solicitor general, by Edward HUNTER, for the State.

HALL, Justice.

The defendant was indicted for retailing spirituous liquors without a license, and being convicted, made a motion for a new trial on various grounds, which was refused. On the judgment refusing this motion he assigns error, and now insists that the article sold ("Schiedam Schnapps") was not composed, in whole or in part, of spirituous or intoxicating liquor, but was a "medical preparation," and was so "labelled." On this point the evidence was conflicting. The label was doubtless a device resorted to in order

to conceal the real character of the fluid sold and to evade the law requiring license to retail spirituous liquors. It was a patent fraud, and on this ground there was no error in the finding of the jury, and none in the refusal of the court to disturb it.

The next ground relied on was that the defendant was not the seller of the Schnapps to the person named as the purchaser in the indictment, and did not participate therein. It seems that the defendant's wife was the nominal pro— prietor of the store in which the liquor was sold; that it was furnished by a clerk therein named Lewis, who was employed, as it is stated, by the defendant as her clerk, and who paid himself for his services out of the store; she did not pay him, and she does not appear to have been about the establishment, or to have exercised any supervision or control over it; the goods in it were ordered and received in her name, but generally, if not universally, at the instance of the defendant or of the clerk employed by him for his wife; the defendant lived on his farm some distance from Summertown, where the store was located; he came "back and forward to the store, and when there staid in the store;" he was present when the bottle of Schnapps was sold; the clerk wanted the cash, but the purchaser did not have it, and proposed to borrow it from the defendant, who directed the clerk to let him have it, and he would see it paid; there was testimony that the defendant afterwards paid it. The court charged the jury, if they found from the evidence that a pint of Schiedam Schnapps was sold to the person, as charged; if the Schnapps consisted of spirituous liquors, or a mixture of spirituous liquors; if it was sold in a store controlled and managed by the defendant, then he would be guilty of the offense charged; it would make no difference whether his wife really owned the store; if he controlled and managed it, it was his duty to see that a license was procured before liquor could be retailed there; nor was it material that the Schnapps was sold by a clerk

in the store, if he were present at the time, controlling and managing it.

This charge we think substantially correct. There are no accessories in mere misdemeanors; all who participate in the commission of the act or aid therein are principals. Making the wife proprietor, ordering goods and employing clerks in her name, together with the other circumstances attending the conduct and management of this business, look to us very much like parts of a cunningly concocted scheme to carry on an unlicensed traffic in retailing liquor in such a manner as to shield those engaged therein from the consequences of violating the law. The clerk was certainly guilty along with this defendant; but whether the defendant's wife was guilty may depend upon other considerations. It does not appear whether she had ever been consulted as to such a use of her name, or, if she had been consulted, how far she may have yielded to the influence and compulsion of her husband. In any view of the matter, we see nothing that distinguishes this from any other case where there is evidence to sustain the verdict, and where the presiding judge is satisfied to let it stand.

Judgment affirmed.