### 2979. CHRISTIAN *v.* THE STATE.

RUSSELL, J. 1. Generally the fact that B. has taken out a federal retail liquor dealer's license is not admissible upon the trial of A. for a violation of the general prohibition law. Ordinarily such evidence would be inadmissible, because irrelevant. But when it has been shown that A. is employed by B., and engaged as B.'s manager in charge of the place of business belonging to B., and there is testimony to the effect that whisky was sold there in the presence of A. and B., the fact that B. has paid the United State internal revenue tax and taken out a license to sell intoxicating liquors at the store in question is sufficient to authorize the inference that the accused and B. are both guilty of a violation of the general prohibition law. There are no accessories in misdemeanors, but all who are in any wise concerned in the violation of the law are principals; and the fact that an employer has a retail liquor dealer's license is not an inconsequential circumstance, where, upon the trial of one of his employees, it appears that numerous sales of whisky have been made in the presence of such dealer by persons in his employ.

2. In a case in which there was positive testimony that the accused had sold intoxicating liquors, it would have been error to instruct the jury that, before they would be authorized to convict, the State would have to show that the defendant had knowledge, or a reasonable opportunity of having knowledge, that other employees sold alcoholic, spirituous, malt, and intoxicating liquors.

3. The evidence authorized the verdict, and it was not error to refuse a new trial.                                                    *Judgment affirmed.*

DECIDED FEBRUARY 22, 1911.

Accusation of sale of liquor; from city court of Macon—Judge Hodges.  August 1, 1910.

*Jesse Harris,* for plaintiff in error.

*W. J. Grace, solicitor-general,* contra.