19850.   COKER *v.* TATE.

JENKINS, P. J. 1. The gist of an action for an alleged malicious criminal prosecution is the carrying on of such prosecution maliciously and without probable cause, and there can be no recovery unless both of these elements are proved. Civil Code (1910), § 4439; *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (122 S. E. 252).

2. In the instant case the suit was based upon a previous prosecution for disposing of mortgaged property. It appeared, without dispute, that the plaintiff had actually executed to the defendant a mortgage on "my crops, of all kinds now growing or to be grown on" certain described land "this year." It further appeared, from the undisputed testimony of the plaintiff himself, that he had harvested a crop of oats from the

land in question, after the execution of the mortgage, and had disposed of the oats otherwise than by applying the proceeds to the mortgage. Consequently, the defendant had, as a matter of law, probable cause for instituting the criminal proceeding, and, whether such proceeding was instituted maliciously or not, there could be no recovery against him for damages on account thereof. The fact that the plaintiff may not have intended to execute to the defendant a mortgage on his crops, or may not have known that he had done so, could not operate to change the rule, in view of his testimony that he did sign the paper in question, and in the entire absence of any testimony going to show that the defendant had made any misrepresentation to the plaintiff to induce him to execute the paper, or that the defendant knew the inability of the plaintiff to read the paper and understand its contents.

3. Under the foregoing rulings, the verdict in favor of the plaintiff was not authorized by the evidence.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 24, 1930.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane,* contra.