20663. SIRMANS *et al. v.* PETERSON.

708

*J. O. Sirmans, Kelley & Dickerson,* for plaintiffs in error.
*Slater, Moore, Oberry & Wheless,* contra.

BELL, J. Dennis Peterson brought suit against T. H. Sirmans and J. O. Sirmans to recover damages for an alleged malicious prosecution, and obtained a verdict for $250. The defendants moved for a new trial, which the court refused, and they excepted.

The plaintiff was prosecuted for disposing of mortgaged property, and was acquitted. He was indicted jointly with E. Corbitt, his father-in-law, who alone executed the mortgage in question. The mortgage covered two mules, both of which, with one or two others, were sold by Corbitt to Peterson sometime after the execution of the mortgage, but only one of those described in the mortgage was disposed of by Peterson before the return of the indictment charging Corbitt and Peterson with the offense of selling mortgaged property. The evidence showed without dispute that this mule was traded by Peterson to members of that roving and nomadic tribe known as gypsies for another animal, which he later sold for $125. The plaintiff testified that at the time he purchased the mules, Corbitt, the seller, did not inform him of the existence of the mortgage, and that he had no other knowledge concerning it, and there was no positive evidence to the contrary. The plaintiff further testified that he "first knew that . . T. H. Sirmans & Company claimed an interest in these mules, or a retention of title, or lien on them" when he read in the county paper "that they were levied on"; and that he immediately called upon J. O. Sirmans, one of the defendants, and informed him that he had purchased the mules and intended to assert title to them. At this time two of the mules purchased were still in the plaintiff's possession, and, according to his testimony, he "was never called upon by any person to deliver these mules to any person, not by the sheriff" or any one else. With further reference to the conversation between him and J. O. Sirmans the plaintiff testified as follows: "He said he would sell the mules or either take them away from me or prosecute me, and I told him he would

just have it to do." The defendants introduced no evidence, and, whatever may have been the real truth of the several transactions referred to, the jury were authorized to find the facts to have been substantially as stated above. The defendants contend that under the evidence adduced there was a failure to show the absence or want of probable cause for the prosecution, and that for this reason the verdict in the plaintiff's favor was unauthorized.

The plaintiff, of course, had the burden of showing that the prosecution was instituted without probable cause. *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238 (2) (12 S. E. 361); *Thornton* v. *Story*, 24 *Ga. App.* 503 (2) (101 S. E. 309). It is provided in the Civil Code, § 4440, that want of probable cause shall be a question for the jury, under the direction of the court, but this does not mean that a jury would be authorized to find a want of probable cause without any evidence whatsoever to establish the fact. On the contrary, where the material facts are not in dispute, or where only one inference is to be drawn from the evidence, the existence or nonexistence of probable cause for a prosecution is a question of law to be determined by the court. *Woodruff* v. *Doss*, 20 *Ga. App.* 639 (93 S. E. 316).

In *Hartshorn* v. *Smith*, 104 *Ga.* 235 (2) (30 S. E. 666), the Supreme Court said: "In actions for malicious prosecution, the question is, not whether the plaintiff was guilty, but whether the defendant had reasonable cause to believe—whether the circumstances were such as to create in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. Johnson *v.* Miller, 63 Iowa, 529 [17 N. W. 34, 50 Am. St. R. 758]. Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." See also *McPherson* v. *Chandler*, 137 *Ga.* 129 (5 *b*) (72 S. E. 948); *Stewart* v. *Mulligan*, 11 *Ga. App.* 660 (13) (75 S. E. 991).

The statute under which the plaintiff was indicted provides as follows: "If any person, after having made a mortgage-deed to personal property, shall sell or otherwise dispose of said property or cause the same to be removed beyond the limits of this State before the payment of the mortgage debt, without the consent of, and with intent to defraud, the mortgagee, and loss shall thereby

be sustained by the holder of the mortgage, the offender shall be punished as for a misdemeanor." Penal Code (1910), § 720.

In *Coker* v. *Tate*, 40 *Ga. App.* 801 (151 S. E. 535), this court held that the mere act of a mortgagor in disposing of the mortgaged property, without the consent of the mortgagee and without applying the proceeds to the mortgage, constitutes probable cause for instituting a criminal prosecution against the mortgagor.. The plaintiff was not absolutely free from criminal prosecution merely because he was not a party to the execution of the mortgage. All who knowingly participate in the commission of a misdemeanor offense are guilty as principals. *Faircloth* v. *State*, 73 *Ga.* 426 (2) ; *Christian* v. *State*, 9 *Ga. App.* 61 (70 S. E. 258). Therefore the plaintiff could have been prosecuted and convicted of the offense of selling mortgaged property, if he knowingly aided and abetted the act to be done by the mortgagor. *Wyatt* v. *State*, 16 *Ga. App.* 817 (81 S. E. 802).

We agree with counsel for the plaintiff in error in the contention that the plaintiff in the instant case failed to show a want of probable cause for the prosecution of which he complains. We repeat, he had the burden of establishing the absence of such cause as one of the essential ingredients of his right of action. In undertaking to carry this burden, he disclosed that he did dispose of a part of the mortgaged property, by trading it to persons who would likely cause it to be removed beyond the possibility of reclamation; that he obtained the property from his father-in-law, who, like himself, was engaged in an agricultural pursuit in which the use of live stock was necessary, and who, it seems, would not likely trade or sell to his son-in-law mortgaged property without informing him of the existence of the lien; that he purchased not less than three mules at one time, a transaction in itself well calculated to excite suspicion, in view of the other circumstances ; and that in the conversation which he finally had with J. O. Sirmans he made no inquiry as to the justice or foundation of the defendants claim, but arbitrarily declared that the mules were his and that he intended to assert title thereto.

It is true the plaintiff was tried and acquitted of the offense of which he was charged, but, as indicated above, the question here is, not whether the plaintiff was guilty or innocent, but whether the facts summarized above would have warranted a reasonable

mind in believing that the plaintiff was guilty of such offense. The evidence does not reasonably exclude the existence of probable cause for the prosecution, the absence of which must affirmatively appear before the defendants can be held liable in damages for having instituted such prosecution. The verdict for the plaintiff being unauthorized by the evidence, the court erred in not granting a new trial upon the general grounds. See further, in this connection, *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (122 S. E. 252); *Norman* v. *Young*, 35 *Ga. App.* 221 (132 S. E. 414).

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*