27117. HARRIS *v.* GRAY.

690

*Robert B. Short,* for plaintiff in error.

*Frank S. Twilty, William W. Warren,* contra.

STEPHENS, P. J.   This was a suit by Willie Gray against J. J. Harris, seeking a recovery of damages for malicious prosecution. The trial resulted in a verdict for the plaintiff, and the defendant moved for a new trial.   To the judgment overruling this motion the defendant excepted.

The evidence is conclusive that Gray was entrusted by Harris with money for which he did not account.   This fact, known to the employer Harris, constituted probable cause for the prosecution of Gray for the crime in connection with the stealing and conversion of the money.   It appears without dispute that Harris's place of business was burglarized and his safe entered, and after this Harris caused Gray's arrest on a warrant charging embezzlement of the funds which Harris had entrusted to Gray, and that after Gray's arrest on this warrant his finger prints were taken and his fresh finger prints were found upon articles in the safe.   It did not appear that Harris did anything toward the prosecution of Gray for the burglary, except in so far as issuing the warrant against him for the embezzlement of money entrusted to him constituted such prosecution.   Gray was afterward indicted for the burglary.   An indictment by the grand jury, without more, is prima facie evidence of probable cause for the prosecution of the person indicted. *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (122 S. E. 93).   In a suit by Gray against Harris for malicious prosecution, growing out of the charges against Gray for the embezzlement of Harris's money, and of burglarizing Harris's place of business, the evidence, being as above indicated without dispute, conclusively established the fact that the prosecution was not carried on by Harris without probable cause.

The verdict in favor of the plaintiff for damages was without evidence to support it, and was not legally authorized.   Therefore the court erred in overruling the defendant's motion for new trial, based on the general grounds only.

*Judgment reversed.   Sutton and Felton, JJ., concur.*