30151.  RUSSELL *v.* STRAIN.

DECIDED JULY 10, 1943.

*Joe M. Lang, Wright, Willingham & Fullbright,* for plaintiff.
*R. Carter Pittman,* for defendant.

FELTON, J.  Mrs. Claude E. Russell brought this action against Willard Strain, alleging: "2. That Willard Strain and A. L. Edwards were, on the 12th day of September, 1940, engaged in a partnership doing business under the name and style of A. L. Edwards Company.  3.  That A. L. Edwards died on the 13th day of September, 1940.  4.  That Willard Strain thereafter, on February 21, 1941, purchased said business from the administrator of A. L. Edwards.  5.  That the said Willard Strain has continuously since said date operated said business under the name of A. L. Edwards Company, although the said A. L. Edwards has been dead during said entire period of time since said purchase and was not, therefore, a member of said partnership.  6.  That by reason of said continued operation of said business, the said Willard Strain has, under the law, incurred a penalty of $100 a day for each day that he has used the name of A. L. Edwards in said business and that said days amount to 553 days, and that by reason thereof said defendant is indebted to plaintiff in the sum of $55,300."  The defendant filed general and special demurrers to the petition, and the exception here is to the judgment of the court sustaining the demurrers.

This case is brought under the provisions of the Code, § 75-111,

which provides: "No partnership may lawfully insert in its firm name or style the name of any individual not actually a partner, nor continue in such firm name or style the name of a retired partner. Each member of the firm violating this provision shall forfeit the sum of $100 for every day's violation, to be recovered by any person who may sue for the same."

We think the court properly sustained the demurrers to the petition. A partnership has been variously defined as "a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions;" and "those persons are partners who contribute either property or money to carry on a joint business for the common benefit, and who own and share the profits thereof in certain proportions;" and "an association of two or more persons to carry on as co-owners a business for profit." 40 Am. Jur. 126, § 2. "A joint interest in the partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. . ." Code, § 75-102. Under Georgia law a partnership is dissolved by the death of one of the partners. Code, § 75-107. The petition in the instant case shows on its face not only that the partnership had been dissolved by the death of one of the partners, but that the surviving partner had purchased the interest of such dead partner and was at the time of the suit the sole owner of the business. The "retiring" of a partner necessarily involves a living partner and notice of dissolution. Code; § 75-108. Therefore a retiring partner does not include a deceased partner. See *Bass Dry Goods Co.* v. *Granite City Manufacturing Co.*, 116 *Ga.* 176 (42 S. E. 415). The section of the Code under which this suit is brought being penal in its nature must be strictly construed. Under such construction there must be an operation of a business by a partnership, and there must be the use of the name of a *retired* partner, or the use of the name of an individual not actually a partner. Neither of these necessary facts appears in this case and it follows that the Code section has no application to the situation here involved. The court did not err in sustaining the demurrers to the petition.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*