### 33051. PEPPAS *et al.* v. MILES.

WORRILL, J. 1. The fact that the plaintiff's petition alleges in one place that the defendants own certain real estate as tenants in common, while elsewhere it alleges that, acting as copartners, the defendants injured and damaged the petitioner in certain particulars, did not subject the petition to demurrer on the ground that it was an attempt to hold the defendants liable as partners, when in fact they were merely tenants in common. A partnership has been defined as " 'a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions;' and 'an association of two or more persons to carry on as co-owners a business for profit' " (*Russell* v. *Strain,* 69 *Ga. App.* 654, 26 S. E. 2d, 460); and a partnership "may arise from a joint ownership, use and enjoyment of the profits of undivided property real or personal." Code, § 75-101. The allegations of the petition sufficiently alleged facts showing that the defendants were acting as partners, and in so acting inflicted the injury for which the plaintiff sued.

2. Where the petition alleged that the plaintiff was arrested under a warrant sworn out by the defendants, or one or some of them acting as agents for the others, and that the plaintiff was confined to jail in DeKalb County for approximately nine hours on Sunday, March 27, 1949, and from that place transferred to the jail in Fulton County and there confined for an hour before being released on bond, that he was

thereafter, on March 28, 1949, forced to appear before a judge of the Civil Court of Fulton County for a commitment hearing, and that at that time the defendants or their agent and attorney announced in open court that the case would not be further prosecuted, and that said agent, one of the named defendants, signed a dismissal upon the docket and paid all court costs, and that the said judge marked the warrant "withdrawn," the action, if any was stated by the petition, was properly for malicious prosecution and not malicious arrest. Code, § 105-805; *Page* v. *Citizen's Banking Co.*, 111 *Ga.* 73(4) (36 S. E. 418, 51 L.R.A. 463, 78 Am. St. R. 144).

:3. While a defendant to an action for malicious prosecution may show that he was acting on the advice of counsel in instituting the prosecution which is the basis of the action against him, the mere fact that he so acted on advice of counsel, while it may go to the mitigation of damages, is not sufficient as a matter of law to show that he acted with probable cause. Such question is for the jury to determine under all the facts and under proper instructions from the court. One acting on the advice of counsel is in no better position than one acting on the advice of the solicitor-general in such matters, and in both cases it must appear that such advice was given after a full and fair statement to the attorney of all the facts relating to the offense and known to the prosecutor. Whether this is so, is a jury question. See *Coleman* v. *Allen*, 79 *Ga.* 637 (5 S. E. 204); *Hicks* v. *Brantley*, 102 *Ga.* 264 (29 S. E. 459); *Thornton* v. *Story*, 24 *Ga. App.* 503 (101 S. E. 309).

4. The special demurrers of the defendant are without merit, and the court did not err in overruling both the general and the special demurrers.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED OCTOBER 6, 1950.

M. L. Kahn, for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, John S. Knox Jr.*, contra.