62686. SIZEMORE SECURITY INTERNATIONAL, INC. v. LEE.
62687. M & M SUPERMARKETS, INC. v. LEE.

MCMURRAY, Presiding Judge.

This is an action for damages for malicious prosecution. Plaintiff Lee was standing in line in a grocery store, operated by defendant M & M Supermarkets, Inc. in Savannah, when a security guard investigating a sudden change of checkout lanes by two elderly female customers noticed that plaintiff had a pistol in his pocket. The security guard, an employee of defendant Sizemore Security

International, Inc., consulted with the store manager and as a result of that conversation asked the plaintiff to leave the store. There is contradictory evidence as to the exact nature of the subsequent events. However, the security guard later swore out a warrant against the plaintiff charging him with criminal trespass.

The criminal trespass charge against plaintiff was terminated in favor of the plaintiff who thereafter initiated this action for damages. The jury returned a verdict in favor of the plaintiff awarding special and punitive damages against both defendants. Both defendants have appealed giving rise to these companion cases. *Held:*

1. The elements of the tort of malicious prosecution are "(1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) that the prosecution terminated in favor of the plaintiff; (4) that it was instituted maliciously; (5) that it was instituted without probable cause; and (6) that it damaged the plaintiff. *Cary v. Highland Bakery, Inc.,* 50 Ga. App. 553 (179 SE 197)." *Ellis v. Knowles,* 90 Ga. App. 40, 42 (1) (81 SE2d 884). More recent decisions of this court have in some circumstances effectively compressed elements four and five to a single element as we have held that malice sufficient to sustain a recovery may be inferred from want of probable cause, although the reverse is not true, so that want of probable cause may never be inferred from malice. See in this regard *Wilborn v. Elliott,* 149 Ga. App. 541 (1, 2) (254 SE2d 755).

Defendants concede the existence of the first three elements of malicious prosecution but deny that plaintiff has proven the remaining three. Consequently, they contend the verdict should have been directed in their favor. As the element of malice in effect rides upon the shoulders of the element of probable cause, defendants are particularly adamant in their contentions that the evidence does not authorize a finding of lack of probable cause on the part of the security guard in swearing out the warrant for criminal trespass against the plaintiff.

"The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. 68 AmJur2d 721, Searches and Seizures, § 68; see *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302); *McMahan v. State,* 125 Ga. App. 491, 492 (188 SE2d 183)." *Butler v. State,* 130 Ga. App. 469, 470 (1) (203 SE2d 558).

The relevant criminal trespass provision is Code Ann. § 26-1503 (b) (3) (Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859; 1979, p. 764) which provides that a person commits criminal trespass when he knowingly and without authority remains upon the land or premises

of another person, after receiving notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant to depart. There is no doubt under the facts of the case sub judice that the security guard possessed the rightful authority to order plaintiff to depart the premises. Nor is there any controversy as to the fact that the security guard did, in fact, instruct the plaintiff to depart. The crucial question is whether the plaintiff illegally remained upon the premises after receiving notice to depart. Certainly the statute requires that a person having received notice to depart must leave the premises within a reasonable time. However, the question as to the nature of the conduct which is reasonable under any given circumstances is largely a factual question and is at most a mixed question of fact and law for resolution by the finder of fact. Can we find as a matter of law that the security guard was faced with a factual situation in which he could believe, as a reasonable man, that the plaintiff had failed to leave the premises within a reasonable time under the circumstances? We note the conflict between the testimony of the security guard and the plaintiff as to the circumstances which occurred between the two in the grocery store. The plaintiff's description of the events was more favorable to him, and the jury was authorized to accept the plaintiff's testimony. We need only discuss that testimony. The plaintiff, after testifying that his female companion at the grocery store had left the check-out line to go get some hair rollers, testified as follows: "Q. What happened after she left the line? A. And during that time, Mr. Robinson walks up to me and told me, say I had to leave the store because I had a gun in my pocket, so I looked around, I said, okay, just like that, and I look around for Ms. Chisholm, she hadn't got back yet, so I said soon as she gets here, I'll give her the package and the money to pay for them and I'll go on out the store. Q. What did he say? A. He allowed you've got to go now, that's what he said, so just at that time Ms. Chisholm walks up, I say okay, I hand her the packages, the money, went on out the door." On the basis of this testimony the jury was authorized to conclude that a man of reasonable caution would not be justified in believing that the plaintiff was guilty of committing the offense of criminal trespass. The evidence did not demand a verdict in favor of the defendants on this ground, and the motion for directed verdict was properly denied.

2. Defendant Sizemore Security International, Inc. enumerates as error the trial court's refusal to give in charge to the jury Code § 26-2902 (Ga. L. 1968, pp. 1249, 1323; 1976, pp. 1430, 1432) prohibiting the carrying of firearms at a public gathering. We express no opinion as to whether a privately owned food store is within the definition of a

public gathering as used in this statute, as such a determination is not necessary to our decision. Whether the plaintiff was in violation of this statute is irrelevant to the question of whether the security guard had probable cause to believe the plaintiff was committing the offense of criminal trespass. "The trial judge is not required to give in charge provisions of law about which there is no issue. *Friedman v. Goodman,* 124 Ga. 532 (2) (52 SE 892)." *Knapp Bros. Mfg. Co. v. Cook,* 171 Ga. 330, 332 (3) (155 SE 321). Consequently, the trial court did not err in refusing to give this statute in charge to the jury.

3. Defendant Sizemore Security International, Inc. contends that the award of $57,500 punitive damages is so excessive as to raise an inference that the jury's award was the result of their failure to understand the complex legal issues involved in this action. This contention overlooks the fact that punitive damage is measured by the enlightened conscience of a juror as the amount which would be required to deter future acts necessarily dependent upon the facts of the particular case. *Smith v. Milikin,* 247 Ga. 369, 371-372 (3) (276 SE2d 35). The sum awarded by the jury in this case appears neither exorbitant nor does it shock the conscience. *Fields v. Jackson,* 102 Ga. App. 117, 122 (115 SE2d 877).

4. Plaintiff's motion to assess damages pursuant to Code § 6-1801 for frivolous appeal is denied. Defendants' enumerations of error and argument in support thereof have presented a bona fide contest over a colorable matter. *U. S. Fidelity &c. Co. v. Blankenship Plumbing Co.,* 153 Ga. App. 335, 337 (3) (265 SE2d 66). See also *Department of Public Safety v. Rodgers,* 149 Ga. App. 683 (255 SE2d 139).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1982.

*Robert W. Galloway,* for appellant (case no. 62686).
*Stanley Karsman, Ashley Royal,* for appellee (case no. 62686).
*Ashley Royal,* for appellant (case no. 62687).
*Stanley Karsman, Robert Galloway,* for appellee (case no. 62687).