### 65687. JONES v. WALKER.

SOGNIER, Judge.

Raymond Jones sued Ann Walker for two counts of malicious prosecution. Count I of the complaint alleged that Walker had sworn out a warrant charging Jones with issuing bad checks, that Jones was arrested pursuant to the warrant and prosecuted for theft by taking, and that he was acquitted of the charges; Count II alleged that Walker also swore out a warrant against Jones for criminal damage to property for which he was arrested but was not indicted by the Grand Jury. The trial court granted Walker's motion for summary judgment. Jones appeals.

Appellant contends that the trial court erred in granting summary judgment in favor of appellee because there are questions of fact concerning lack of probable cause to prosecute and malice in pursuing the prosecutions.

With regard to Count I, the record discloses that Jones issued three checks in payment of certain quantities of gasoline delivered by Walker to Jones' gas station. Walker was unable to collect on the checks because of insufficient funds. Thereafter Walker discussed the checks with Jones and received assurances that the money would be paid. Jones, however, failed to make payment on the checks and closed the gas station. Walker swore out a warrant on the checks and contacted the District Attorney's office. By affidavit, the District Attorney testified that after a review of the bad check charges the District Attorney's office decided to seek an indictment on the charge of theft by taking and determined that there was sufficient probable cause to present the case to the Grand Jury. The District Attorney's office advised Walker of its decision. An indictment was returned against Jones for three counts of theft by taking.

Jones' affidavit in opposition to Walker's motion for summary judgment did not controvert any of the above facts. Jones' only statements were that Walker had harassed him and threatened him with criminal prosecution and that "Walker knew that I never took anything which belonged to another with the intention of depriving that person of said property."

The elements of the tort of malicious prosecution are (1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) the prosecution terminating in favor of the accused; (4) malice; (5) want of probable cause to prosecute; and (6) resulting damage to the accused. *Sizemore Security Intl. v. Lee,* 161 Ga. App. 332, 333 (287 SE2d 782) (1982).

"Ordinarily, the existence of probable cause is a question of fact for jury determination. Only where the material facts are not in dispute, or when only one reasonable inference can be drawn from the evidence, does the existence of probable cause become an issue of law for the court to resolve. [Cits.]" *Kviten v. Nash,* 150 Ga. App. 589, 591 (258 SE2d 271) (1979). Malice can be inferred from a total lack of probable cause and this also is a jury question. *Melton v. LaCalamito,* 158 Ga. App. 820, 824 (282 SE2d 393) (1981).

Appellant does not dispute the essential facts but attempts to raise a question of fact about Walker's motive for prosecuting him. However, lack of probable cause may not be inferred from malice. *Kviten,* supra at 591.

"In determining whether or not there was a total want of probable cause for a criminal prosecution alleged to have been maliciously carried on, the question is not whether the accused was actually guilty of the offense with which he was so charged, but the real question is whether the prosecutor had reasonable cause so to believe, — that is, whether the circumstances at the time of the prosecution were such as to create in the mind of the prosecutor a reasonable belief that there was probable cause for the prosecution." *Darnell v. Shirley,* 31 Ga. App. 764, 765 (122 SE 252) (1924). An indictment by the Grand Jury, without more, is prima facie evidence of probable cause for the prosecution of the person indicted. *Spratlin v. Manufacturers &c. Corp.,* 105 Ga. App. 463 (125 SE2d 110) (1962); *Harris v. Gray,* 58 Ga. App. 689, 690 (199 SE 831) (1938); *Darnell,* supra at 765.

" 'When . . . a person in good faith truthfully communicates to the [District Attorney] all facts known to the former in relation to a criminal charge against another, and is advised that the facts as stated constitute an indictable offense, and such person becomes the prosecutor on an indictment prepared and submitted to the Grand Jury by such officer, [s]he cannot be held liable in damages for a malicious prosecution at the suit of the accused, even though on the trial under the indictment it appears that the facts as stated do not constitute a crime and that the defendant was not in fact guilty of any offense.' [Cit.]" *Spratlin,* supra at 464. There are no allegations nor any evidence that appellee made any false statements to the District Attorney with regard to the bad check charges and the

uncontroverted evidence is that upon investigation of the facts the District Attorney decided to seek an indictment on the charges of theft by taking. Under the circumstances, there are no questions of fact remaining with regard to Count I of the complaint.

Count II alleges malicious prosecution arising out of charges of criminal damage to property. Walker swore out a warrant against Jones because of damage done to a gasoline pump on Walker's property. Appellee testified by affidavit that she issued the warrant based upon information she received from law enforcement officers who had investigated the damage to the pump. Appellant admitted damaging the property but claims to have done it accidentally.

In a case of malicious prosecution, a judgment is demanded for the defendant where the plaintiff fails to show that, at the time of the prosecution, the defendant had no reasonable grounds for believing the plaintiff was guilty. *West v. Baumgartner,* 228 Ga. 671, 676 (187 SE2d 665) (1972). In the instant case, the circumstances were such that it could not be said that at the time of the prosecution Walker had no reasonable cause to believe that Jones was guilty of a crime. *McMillan v. Day Realty Assocs.,* 159 Ga. App. 366 (283 SE2d 298) (1981). There was no dispute with regard to Jones' actions in damaging the property. " '[T]he question is not whether the plaintiff was guilty, but whether the defendant had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind a *reasonable belief* that there was probable cause for the prosecution.' " *West,* supra at 677.

The trial court did not err in granting summary judgment in favor of Walker.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided June 17, 1983 — Rehearing denied July 5, 1983 —

Rembert C. Cravey, *for appellant.*
W. Edward Meeks, Jr., *for appellee.*