70945. STONE v. LENOX ENTERPRISES, INC. et al.
(337 SE2d 451)

Beasley, Judge.

Robert Stone was employed by Lenox Enterprises, Inc. to work at a gasoline service station operated by the corporation. Money was stored in a safe located on the premises. Stone had access to the safe. Another employee, appellee Sumner, made an affidavit upon which a

warrant issued charging Stone with taking $4,684.61 without knowledge or permission of the owner. Stone was indicted for the offense of theft by taking and was acquitted after a jury trial.

Stone filed suit against the corporation and the employee alleging that the affidavit and charges against him were known by them to be false and without probable cause and that the prosecution was maliciously carried out. Answers were filed and the corporate defendant also filed a counterclaim alleging an indebtedness of $4,684.61.

On July 6, defendants served plaintiff Stone with "Interrogatories and Request for Production of Documents of Defendants" and with their "Request for Admissions." On August 18, Stone filed both his answers to the interrogatories and his responses to the defendants' request for admissions; each bore a certificate of service dated August 17. No extension of time had been obtained as to the latter, which therefore became admitted by operation of law on August 9. OCGA § 9-11-36 (a) (2).

Defendants moved for summary judgment. Counsel for both sides filed affidavits about their communications with each other. The trial court granted to defendants summary judgment as to all issues. The sole enumeration on appeal is that grant.

1. It is established as a matter of law that under OCGA § 9-11-36 "[i]f a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. [Cits.]" *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981). Thus, the requests for admissions propounded by the defendants are properly deemed conclusively admitted by Stone as a matter of law unless appellant's responses to the defendants' interrogatories compels a contrary result. Id. By not responding on time, appellant admitted that the service station at which he was employed by Lenox Enterprises, Inc., had a safe with money stored in it; that in his employment he had access to the safe; that he had previously admitted to Lynwood Sumner that he had taken money from Lenox Enterprises, Inc., at the station in Cook County, Georgia, without permission; that he took over $200 from Lenox Enterprises, Inc., at the station without permission and had not repaid any of it; that he was indicted in February 1980; and that all transactions between himself and Lynwood Sumner were conducted while the latter was an employee of Lenox Enterprises, Inc., and in the context of that employment.

Stone's answer to the defendants' interrogatory number twenty-two stated in part that he was a loyal, honest, and hardworking employee; that Sumner threatened him repeatedly concerning a shortage and said that if his parents and Stone refused to sign a note for the amount claimed missing, Sumner would take a warrant and cause

Stone all kinds of trouble; and that Stone never stole any money.

As explained in *Albitus*, supra, in both form and substance an admission under the code discovery procedure is comparable to an admission in pleadings or stipulation of facts. As such it is generally regarded as a judicial admission rather than an evidentiary admission. A judicial admission is conclusive unless allowed to be withdrawn by the court; an evidentiary admission is not conclusive but may be contradicted or explained. "[W]here answers to requests for admission were in fact filed after expiration of the statutory time, but without permission for late filing and where there was no motion seeking permission to withdraw the admissions resulting from the failure to timely respond, the answers could not be considered by the trial court in ruling on a motion for summary judgment." *Albitus v. Farmers &c. Bank*, supra at 408 (1). Here, the substitution of answers to interrogatories is not proper response to requests for admissions nor of countervailing influence on the admissions.

2. Did Stone's binding admissions eliminate his cause of action against the defendants for malicious prosecution?

"The elements of the tort of malicious prosecution are (1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) the prosecution terminating in favor of the accused; (4) malice; (5) want of probable cause to prosecute; and (6) resulting damage to the accused. *Sizemore Security Intl. v. Lee*, 161 Ga. App. 332, 333 (287 SE2d 782) (1982)." *Jones v. Walker*, 167 Ga. App. 286, 287 (306 SE2d 315) (1983). "In a case of malicious prosecution, a judgment is demanded for the defendant where the plaintiff fails to show that, at the time of the prosecution, the defendant had no reasonable grounds for believing the plaintiff was guilty [Cit.]" Id. at 288. Stone failed to preserve a genuine issue of material fact with respect to whether, at the time of prosecution, the defendants had no reasonable grounds for believing he was guilty of taking an unauthorized sum of money belonging to the business.

The trial court was correct in granting summary judgment in favor of the defendants as to Stone's claim for malicious prosecution.

3. Inasmuch as the trial court's order states that summary judgment was granted to each defendant as to all issues, we must conclude that the court granted summary judgment in favor of Lenox Enterprises, Inc. on its counterclaim as well as on its defense to the main claim.

While the record does require the finding as a matter of law that Stone took from the company, without permission, sums of money exceeding $200, there is nothing in the record to conclusively establish that he was indebted to the company in the amount of $4,684.61. Therefore full summary judgment in favor of the corporate defendant as to the counterclaim was error. It was entitled to partial summary

judgment only; the amount owed will have to be determined.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1985.

*Elsie Higgs Griner*, for appellant.
*Richard W. Fields*, for appellees.