## 77515. CHASTAIN v. COMOLLI.
(378 SE2d 388)

CARLEY, Chief Judge.

Alleging a claim for malicious prosecution, appellant-plaintiff brought suit against appellee-defendant. Appellee answered, denying the material allegations of the complaint. Appellant appeals from the trial court's grant of summary judgment in favor of appellee.

1. Appellant enumerates the grant of appellee's motion for summary judgment as erroneous, urging that a genuine issue of material fact remains concerning the lack of probable cause to initiate the prosecution.

A review of the record shows the following: Appellee obtained a judgment against appellant. A fi. fa. was issued, authorizing the sheriff to levy upon the property of appellant. The sheriff attached a truck, containing nine granite slabs, which was parked in appellant's yard. Affixed to the truck were tags which stated that "this vehicle has been attach[ed] by the sheriff['s] department and its contents cannot be moved. Report to the sheriff tomorrow morning. . . ." The following day appellant drove the truck away, unloaded the granite, and returned the truck to his yard.

When appellee discovered that the attached property had been removed, appellee consulted with an assistant district attorney. The assistant district attorney advised appellee that one possible course of action would be to swear out a warrant against appellant for the offense of theft by taking. Based on the assistant district attorney's advice, appellee did swear out a warrant for appellant's arrest. The grand jury subsequently returned an indictment against appellant for the offense of theft by taking. Thereafter, it was determined that the magistrate had given appellant verbal permission to remove the attached property. However, at the time the arrest warrant was issued, appellee had no knowledge that the magistrate had orally agreed to the removal of the attached property. The criminal charge against appellant was dismissed, it appearing that he had lacked criminal intent.

"The elements of the tort of malicious prosecution are '(1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) that the prosecution terminated in favor of the plaintiff; (4) that it was instituted maliciously; (5) that it was instituted without probable cause; and (6) that it damaged the plaintiff. [Cit.]' [Cit.] . . . 'The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. [Cits.]' [Cit.]" *Sizemore Security Intl. v. Lee*, 161 Ga. App. 332, 333 (1) (287 SE2d 782) (1982). "The grand jury's return of the indictment against [ap-

pellant] is prima facie but not conclusive evidence that probable cause existed for the prosecution. [Cit.]" *Hill v. Trend Carpet*, 154 Ga. App. 446 (1) (268 SE2d 682) (1980). If the evidence shows, however, that " ' "a person in good faith truthfully communicates to the [District Attorney] all facts known to the former in relation to a criminal charge against another, and is advised that the facts as stated constitute an indictable offense, and such person becomes the prosecutor on an indictment prepared and submitted to the Grand Jury by such officer, [he] cannot be held liable in damages for a malicious prosecution at the suit of the accused, even though [the charges are subsequently dismissed]." [Cit.]' [Cit.] There [is] no . . . evidence that appellee made any false statements to the District Attorney with regard to [appellant's removal of the attached property] and the uncontroverted evidence is that upon investigation of the facts the District Attorney decided to seek an indictment on the [charge] of theft by taking. Under [these] circumstances, there are no questions of fact remaining with regard to [the element of probable cause]." *Jones v. Walker*, 167 Ga. App. 286, 287-288 (306 SE2d 315) (1983).

" 'Only where the material facts are not in dispute, or when only one reasonable inference can be drawn from the evidence, does the existence of probable cause become an issue of law for the court to resolve. [Cits.]' [Cit.]" *Jones v. Walker*, supra at 287. This is such a case. Construing the evidence most strongly in favor of appellant, appellee pierced the allegation in appellant's complaint concerning lack of probable cause. Appellant failed to offer any evidence to show that a genuine issue of material fact remained. " '(O)nce a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. [Cit.]' [Cit.]" *Seligman v. Savannah Wholesale Co.*, 185 Ga. App. 250, 252 (1) (363 SE2d 785) (1987). " 'In a case of malicious prosecution, a judgment is demanded for the defendant where the plaintiff fails to show that, at the time of the prosecution, the defendant had no reasonable grounds for believing the plaintiff was guilty. [Cit.]' [Cit.]" *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 698 (2) (337 SE2d 451) (1985). Accordingly, the trial court correctly granted appellee's motion for summary judgment. See *Jones v. Walker*, supra; *Smith v. Ragan*, 140 Ga. App. 33 (230 SE2d 89) (1976); *Darnell v. Shirley*, 31 Ga. App. 764, 765 (8) (122 SE 252) (1923).

2. Remaining enumerations of error are moot as the result of our holding in Division 1.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1989.

*Andrew J. Hill, Jr.*, for appellant.
*Gary L. Aston*, for appellee.